# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2022

Lyle W. Cayce
Clerk

No. 22-30094
Summary Calendar

Nicolo Evola Logiudice, Jr.,

*Plaintiff—Appellant*,

*versus*

Nelson Coleman Correctional Center; Elayn Hunt
Correctional Center; Allen Correctional Center,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV -1148

Before Jones, Duncan, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Nicolo Evola Logiudice, Jr., has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

constructive 42 U.S.C. § 1983 complaint with prejudice for failure to state a claim. He has also filed a motion for the appointment of counsel on appeal.

By moving in this court to proceed IFP, Logiudice is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To the extent that Logiudice attempts to incorporate by reference assertions made in a prior § 1983 action, we will not consider them. *Cf. E.R. by E.R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 763 (5th Cir. 2018). Further, he has not addressed the district court's finding that he failed to name a viable § 1983 defendant and has therefore abandoned any such challenge. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Last, his assertion that he has a cause of action outside of § 1983 for which he could overcome any applicable prescriptive period for events that occurred in 2009 is conclusory and not adequately briefed. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann*, 813 F.2d at 748.

In light of the foregoing, Logiudice has failed to show that "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See id.*; 5TH CIR. R. 42.2. Logiudice's motion to appoint appellate counsel is also DENIED.

The district court's dismissal of Logiudice's suit for failure to state a claim and this court's dismissal of his appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537-40 (2015). Logiudice is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal

No. 22-30094

filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).